OPINION
{¶ 1} On May 26, 1999, appellant, Stacy Trump, and appellee, Gary Trump, dissolved their marriage. Appellant was named the residential parent of the parties' two children and appellee was granted companionship rights. Appellee was to pay approximately $476.00 per month in child support.
 {¶ 2} On June 1, 2001, appellee filed a motion to reallocate parenting rights and responsibilities and a motion to modify child support pursuant to a proposed shared parenting plan. A hearing was held on January 24, 2002. By decision filed March 12, 2002, the magistrate found the parties had in fact been following a "de facto shared parenting plan." In recalculating the child support, the magistrate found the amount would be $255.66 per month however, recommended an upwards deviation to $300.00. A judgment entry agreeing with the magistrate's decision with attached Shared Parenting Plan was filed on April 18, 2002.
 {¶ 3} On May 1, 2002, appellant filed a motion for new trial and/or relief from judgment pursuant to Civ.R. 60(B), claiming the April 18, 2002 Shared Parenting Plan was not what she had authorized. A hearing was held on May 29, 2002. By judgment entry filed May 30, 2002, said motion was denied.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court abused its discretion by denying the appellant's motion for relief from judgment under Ohio Rule of Civil Procedure 60(B), when the motion and supporting affidavit alleged specific and uncontroverted facts entitling the appellant to the relief sought."
 II {¶ 6} "The trial court abused its discretion by denying the relief sought by the appellant for relief from judgment, when the appellee's counsel in the trial court did not dispute that the appellant's trial counsel had signed a judgment entry which contained provisions that had not been negotiated by the parties, and when the record otherwise confirmed that the appellant was not consulted by her counsel concerning those provisions."
 III {¶ 7} "The trial court erred by not making the statutorily required determination under Ohio Revised Code § 3109.04(B) that the shared parenting plan in question is in the best interest of the children."
 I, II, III {¶ 8} In appellant's assignments of error, she claims the trial court erred in denying her motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 9} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} The gravamen of appellant's motion for relief was that her then counsel approved a shared parenting plan that she had not authorized. The shared parenting plan was attached to the April 18, 2002 judgment entry that had been signed by the trial court, the magistrate and both counsel. Appellant also claims the judgment entry failed to find the shared parenting plan was in the best interest of the children.
 {¶ 12} This entire issue is compounded by the fact that in the magistrate's decision of March 12, 2002, the magistrate found "no actual shared parenting plan has been filed with the court." However, attached to appellee's June 1, 2001 motion for reallocation of parenting rights is a "Shared Parenting Plan" which according to appellee's motion duplicates the parties' own "companionship schedule" and "would merely formalize through a court order the status quo." This proposed shared parenting plan contains the three items that appellant now objects to as having not been authorized i.e., non-emergency medical decisions and school decisions by appellee and holiday allocation.
 {¶ 13} In her March 12, 2002 decision, the magistrate stated "[a]s of 11-1-01 pretrial hearing, parties had noted agreement with time allocation, only issue of support calc. and how time allocation affected it remained at that time." Because of the shared parenting plan, the magistrate calculated $255.66 per month in child support, but deviated upwards to $300.00 per month "in the best interest of the children." No objections were filed from this decision, and there is no transcript of the January 24, 2002 hearing or the November 1, 2001 pretrial conference.
 {¶ 14} As to appellant's claim in her brief at 8 that the "trial court must perform its duty of insuring that the Shared Parenting Plan is in the best interest of the children," we find the judgment entry of April 18, 2002 was explicit in that regard:
 {¶ 15} "Therefore, it is the finding of this Court that the Shared Parenting Plan attached hereto as Exhibit 1 is in fact in the best interests of the children and is therefore adopted by this Court and incorporated into the Judgment Entry as if fully rewritten herein."
 {¶ 16} In order to succeed on a Civ.R. 60(B) motion, the movant must establish a valid defense and the likelihood of success on the merits. We find appellant cannot meet these two burdens. She assented to the shared parenting plan, so there is no alternative to the plan, and the trial court made a specific finding that the shared parenting plan was in the best interest of the children.
 {¶ 17} Upon review, we find the trial court did not err in denying appellant's motion for relief from judgment.
 {¶ 18} Assignments of Error I, II and III are denied.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Relief from judgment on shared parenting plan.